UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELLIOT M. SIDNER,                    )
                                     )
              Petitioner,            )
                                     )
       v.                            )     No.  4:11CV289 HEA
                                     )                  (FRB)
SCOTT LAWRENCE,[1]                   )
                                     )
              Respondent.            )

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner Elliot M. Sidner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

**I.  Procedural History**

On February 1, 2006, upon conclusion of a non-jury trial, a judge in the Circuit Court of the City of St. Louis, Missouri, found petitioner guilty of Trafficking Second Degree and of Possession of a Controlled Substance. (Resp. Exh. B at 29.) On

---

[1]At the time petitioner filed the instant petition, he was incarcerated at the Algoa Correctional Center in Jefferson City, Missouri. Petitioner has since been released on parole and is no longer incarcerated in a correctional facility. (See Petr.'s Notice of Change of Address, filed Oct. 26, 2012/Doc. #30.) As such, Ellis McSwain, Chairman of the Division of Probation and Parole, should be substituted for Scott Lawrence as proper party respondent. Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes.

March 31, 2006, petitioner was sentenced as a prior and persistent offender and as a prior and persistent drug offender to a ten-year term of imprisonment as to the Trafficking charge, and to time served as to the Possession charge. (Id. at 32-34.) On March 20, 2007, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. State v. Sidner, 217 S.W.3d 344 (Mo. Ct. App. 2007) (order) (*per curiam*). Petitioner did not seek transfer to the Missouri Supreme Court. On July 5, 2007, petitioner filed a pro se Rule 29.15 motion for post-conviction relief, which was subsequently amended by appointed counsel and denied by the trial court after a hearing. (Resp. Exh. H.) On December 28, 2010, the Missouri Court of Appeals affirmed the decision of the trial court. Sidner v. State, 328 S.W.3d 494 (Mo. Ct. App. 2010) (order) (*per curiam*). Mandate issued January 19, 2011. The instant petition was received by this Court on February 15, 2011, and was timely filed.

In his petition for writ of habeas corpus, petitioner raises four claims for relief:

**Ground 1:** That trial counsel was ineffective for failing to subpoena Antoine Gordon to testify at trial;

**Ground 2:** That trial counsel was ineffective for misleading petitioner into agreeing to have a bench trial;

**Ground 3:** That trial counsel was ineffective for failing to attack the veracity of the search warrant affidavit by

(a) failing to investigate the existence of the purported confidential informant, and

(b) failing to investigate and present petitioner's work attendance time sheet which would have impeached statements made in the affidavit; and

**Ground 4:** That trial counsel was ineffective for failing to have the drug bag at issue tested for fingerprints.

In response, respondent contends that the claims raised in Grounds 3 and 4 are procedurally barred from federal habeas review inasmuch as petitioner failed to properly pursue the claims in state court. With respect to the claims raised in Grounds 1 and 2, respondent argues that the claims are without merit and should be denied.

## II. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still

cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims.  Martinez v. Ryan, 566 U.S. ___, ___, 132 S. Ct. 1309, 1316 (2012); Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989).  Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis.  Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows petitioner's claims for relief to be exhausted because petitioner either properly raised the claims in state court upon which they were determined on their merits, or because petitioner has no available non-futile state remedies by which he could now pursue his claims.

### III.  Procedural Default

A.  Grounds 3 and 4

In Grounds 3 and 4, petitioner claims that he received ineffective assistance of trial counsel in that counsel failed to attack the veracity of the search warrant affidavit and failed to have the drug bag at issue tested for fingerprints.  Petitioner raised these claims in his amended motion for post-conviction

relief but failed to pursue the claims on post-conviction appeal.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). In Missouri, claims of ineffective assistance of trial counsel are to be brought by way of motion for post-conviction relief. See Shigemura v. Groose, 45 F.3d 250, 251 (8th Cir. 1995) (citing State v. Wheat, 775 S.W.2d 155, 157-58 (Mo. banc 1989)). To preserve such a claim for federal habeas review, the petitioner must also raise the claim on appeal from the denial of the post-conviction motion. Jolly, 28 F.3d at 53 (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)). The failure to do so erects a procedural bar to federal review. Id.; see also Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997); Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996). Because the petitioner here failed to raise the instant claims of ineffective assistance of trial counsel on appeal of the denial of his motion for post-conviction relief, the claims are procedurally defaulted and cannot be reviewed by this Court unless the petitioner shows cause for his default and prejudice resulting therefrom, or that a fundamental miscarriage of justice would occur if the Court were not to address the merits of the claims. Coleman, 501 U.S. at 750.[2]

---

[2]The undersigned notes that petitioner claims in his Traverse that the claim raised in Ground 3 was indeed raised on post-conviction appeal and thus is not defaulted. (See Doc. #17 at p. 9.) In support of this contention, petitioner has

As cause for his procedural default, petitioner asserts that post-conviction appellate counsel was ineffective for failing to pursue these claims on post-conviction appeal. (<u>See</u> Doc. #17.) In <u>Martinez v. Ryan</u>, 566 U.S. ___, 132 S. Ct. 1309 (2012), the Supreme Court held that inadequate assistance of counsel at *initial-review* collateral proceedings may establish cause for a habeas petitioner's procedural default of a claim of ineffective assistance of trial counsel. <u>Id.</u> at 1315. "The Court made clear[, however,] that the holding in <u>Martinez</u> did not 'concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . .'" <u>Arnold v. Dormire</u>, 675 F.3d 1082, 1087 (8th Cir. 2012) (quoting <u>Martinez</u>, 132 S. Ct. at 1320). Where a claim of ineffective assistance of trial counsel is litigated in an initial-review collateral proceeding, a habeas petitioner has had his day in court on this constitutional claim. "[D]eprivation of a second day does not constitute cause." <u>Id.</u> Accordingly, any error by post-conviction appellate counsel does not constitute cause to excuse petitioner's procedural default in failing to raise the instant claims of ineffective assistance of trial counsel on appeal of the denial of his post-conviction

---

submitted a hybrid document that includes a portion of his brief on appeal and a portion of his post-conviction motion. (<u>Id.</u> at pp. 10, 11.) A review of this "document" continues to show, however, that the claim raised in Ground 3 of the instant petition, while raised in petitioner's post-conviction motion (<u>id.</u> at p. 11; Resp. Exh. H at 45), was not raised on post-conviction appeal (Doc. #17 at p. 10; Resp. Exh. I).

motion.  <u>Id.</u>

Petitioner has thus failed to demonstrate cause to excuse his procedural default, obviating the need for the Court to determine whether prejudice has been shown.  <u>Cagle v. Norris</u>, 474 F.3d 1090, 1099 (8th Cir. 2007); <u>Sherron v. Norris</u>, 69 F.3d 285, 289 (8th Cir. 1995).  In addition, for the reasons discussed <u>infra</u> at Section V, petitioner has failed to present evidence that he is actually innocent of the crimes of which he was convicted and thus has failed to show that a fundamental miscarriage of justice would occur if the Court were not to consider the merits of his defaulted claims.

Therefore, the claims raised in Grounds 3 and 4 of the instant petition are procedurally barred from federal habeas review and should be denied.

## IV.  Claims Addressed on the Merits

A review of the record shows petitioner to have properly raised his remaining claims in state court and that the Missouri Court of Appeals, upon review of the merits of the claims, denied petitioner relief.  This Court thus turns to the merits of such claims.

"In the habeas setting, a federal court is bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions."  <u>Lomholt v. Iowa</u>, 327 F.3d 748, 751 (8th Cir. 2003).

7

Under this standard, a federal court may not grant habeas relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  Williams, 529 U.S. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011); Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or

incorrect."  Id. (quoting Williams, 529 U.S. at 410-11); see also
Jackson, 651 F.3d at 925; Broom v. Denney, 659 F.3d 658, 661 (8th
Cir. 2011).    Finally, a state court decision involves an
unreasonable determination of the facts in light of the evidence
presented in the state court proceedings only if it is shown by
clear and convincing evidence that the state court's presumptively
correct factual findings do not enjoy support in the record.    28
U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.
2004).

A.    Background

        As summarized by the Missouri Court of Appeals, evidence
adduced at trial relevant to the instant claims showed the
following:  Officer Shell Sharp of the City of St. Louis, Missouri
Police Department prepared an affidavit in support of an
application for search warrant in which he attested that, based on
information obtained from a confidential informant that drugs were
being sold from the residence at 2938 Belt, he conducted
surveillance of the residence on July 27 and July 28, 2004, during
which time he observed petitioner engage in activity consistent
with the sale of drugs.  Specifically, Officer Sharp attested that
he observed several persons respond to the residence, engage in
brief conversation with petitioner, and make an exchange involving
currency.  A judge issued the search warrant and on August 4, 2004,
Officer Sharp traveled to 2938 Belt whereupon he again conducted

surveillance of the residence and waited for petitioner to arrive. When petitioner arrived at the residence, Officer Sharp informed him of the warrant and placed him in handcuffs. With petitioner's key, Officer Sharp entered the residence. Sergeant Silas Hardison and Officer Antoine Gordon entered the residence with Officer Sharp. Upon search of the residence, two bags of marijuana and crack cocaine were located and seized. Officer Michael Roth subsequently brought a search dog into the residence but the dog did not discover any additional drugs. Petitioner was arrested. (Resp. Exh. E, Memo. at 2-3; Exh. K, Memo. at 2-3.)

Trial was conducted without a jury on February 1, 2006. Officer Sharp testified for the prosecution. Petitioner's mother, sister and family friend testified on behalf of the petitioner. Petitioner also testified on his own behalf. Upon conclusion of the evidence, the court found petitioner guilty of the offenses as alleged. (Resp. Exh. A.)

B.   Ground 1

In his first ground for relief, petitioner contends that trial counsel rendered ineffective assistance by failing to call Officer Antoine Gordon to testify at the trial of his cause. Petitioner argues that, at the time of trial, Officer Gordon had been charged in a federal indictment with drug-related offenses; and that Officer Gordon's testimony would have supported petitioner's defense that Officer Sharp fabricated the case against

10

petitioner and that Officers Gordon and Sharp planted the drugs which were subsequently seized. Petitioner raised this claim in his amended post-conviction motion and on appeal of the denial of the motion. Upon review of the merits of the claim, the Missouri Court of Appeals denied petitioner relief.

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Id. at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Indeed, a strong presumption exists that counsel's conduct "might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation marks and citation omitted). Decisions relating to trial strategy are "virtually unchallengeable." Id. at 690. To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Because this Court reviews petitioner's claim of ineffective assistance of counsel in the habeas context, it must be careful not to apply the Strickland analysis as if the claim were being addressed in the first instance. In order to succeed on this habeas claim under § 2254(d)(1), therefore, "'it is not enough [for petitioner] to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [Missouri] Court of Appeals applied Strickland to the facts of his case in an objectively unreasonable manner.'" Hoon v. Iowa, 313 F.3d 1058, 1063 (8th Cir. 2002) (quoting Bell v. Cone, 535 U.S. 685, 698-99 (2002)) (internal citation omitted in Hoon). For the following reasons, petitioner has failed to do so here.

On post-conviction appeal, the Missouri Court of Appeals articulated the Strickland standard for reviewing claims of ineffective assistance of counsel and determined that petitioner failed so show such ineffective assistance. (Resp. Exh. K, Memo. at 5-6, 7-10.) To the extent petitioner claims that testimony adduced from Officer Gordon would have assisted petitioner's theory of defense inasmuch as it would have shown that there were no drugs in the house until the officers brought them into the house, the Missouri Court of Appeals noted that petitioner had not

12

demonstrated that Officer Gordon was prepared and willing to testify to such conduct, or that his testimony would have assisted petitioner's defense in any way. Indeed, the court of appeals considered it "reasonable to assume that Officer Gordon's testimony would have simply corroborated Officer Sharp's testimony regarding the surveillance and search of the residence." (Id. at 9.) The court of appeals determined that petitioner's unsupported speculation as to what Officer Gordon's testimony might have been was insufficient to show prejudice on account of counsel's failure to call him as a witness. (Id. at 9-10.)

With nothing more, mere speculation that a witness *might* have testified in a way to support a theory of defense is "simply inadequate to 'undermine confidence in the outcome.'" Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989) (quoting Strickland, 466 U.S. at 694). As such, the Missouri Court of Appeals' determination that petitioner's mere speculation as to what Officer Gordon's testimony would have been was insufficient to establish prejudice under Strickland was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Petitioner also claims that counsel should have called

13

Officer Gordon as a witness in order to confront him about the federal charges brought against him, which would have thereby affected his credibility regarding his role in the circumstances surrounding petitioner's case. The court of appeals noted, however, that such evidence of Officer Gordon's indictment was expressly excluded by the trial court prior to trial as a result of the court's ruling on the State's motion in limine, and that for counsel to have acted otherwise would have required him to "blatantly ignore[] the trial court's order[.]" (Resp. Exh. K, Memo. at 10.) The court of appeals determined that counsel could not be faulted for following the trial court's ruling and did not err in proceeding within the constraints placed by the trial court. (Id.)

As noted by the court of appeals, the trial court sustained the State's motion in limine seeking to exclude evidence of Officer Gordon's federal indictment and any other wrongdoing not connected with petitioner's case. The court determined that witnesses could testify as to what they observed Officer Gordon do *in petitioner's case*, but not otherwise. (Resp. Exh. A at 5-10.) Because trial counsel cannot be considered ineffective for abiding by the court's evidentiary rulings at the time of trial, see Becker v. Luebbers, 578 F.3d 907, 916 (8th Cir. 2009), the Missouri Court of Appeals' determination that counsel did not render ineffective assistance by proceeding within the evidentiary constraints placed

by the trial court's ruling was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, the claim raised in Ground 1 of the instant petition should be denied. 28 U.S.C. § 2254(d).

C.   Ground 2

In his second ground for relief, petitioner contends that counsel was ineffective for misleading petitioner regarding his right to a jury trial and for proceeding with a waiver of jury trial despite petitioner's continued request to proceed otherwise. Petitioner raised this claim in his amended post-conviction motion and on appeal of its denial. Upon review of the merits of the claim, the Missouri Court of Appeals denied petitioner relief.

On post-conviction appeal, the Missouri Court of Appeals made the following findings of fact regarding petitioner's instant claim of ineffective assistance of counsel:

> Prior to the start of trial, Trial Counsel made an announcement to the trial court that Sidner had opted to waive his right to a trial by jury. The trial court then questioned Sidner on the record regarding this decision. Sidner confirmed that he did not want a jury trial, that he was knowingly waiving this right, and that he was requesting his case be tried without a jury. Sidner

15

informed the trial court that Trial Counsel
explained the right to a jury trial and that
he had no questions about his right. Sidner
then signed an acknowledgement that he was
waving his right to a jury trial.

. . .

Sidner . . . testified at his evidentiary
hearing that he did not know until the day of
trial that he was going to have a bench trial,
and that he only signed the waiver because he
was told to do so. Sidner claimed Trial
Counsel never informed him of the right to a
jury trial and that the right was his alone.
On cross-examination, Sidner confirmed that he
knew he could have a jury trial if he wanted
to because of his dealings with the court in
his prior guilty pleas.

On the other hand, Trial Counsel
testified at the evidentiary hearing that he
discussed the option of waiving a jury trial
with Sidner and that he has never asked a
defendant to waive a jury trial unless he
agreed. Trial Counsel testified that he
discussed the constitutional right to a jury
trial and that ultimately Sidner agreed to
waive a jury trial in favor of a bench trial.
Trial Counsel believed that a bench trial
would be advantageous because he thought a
judge would see the case "for what it was,"
and that the case would be a fast acquittal.
In hindsight, Trial Counsel admitted that he
regretted trying the case without a jury and
planned to never try another criminal case
without a jury.

(Resp. Exh. K, Memo. at 18-19.)[3]

Deferring to the motion court's determination to find counsel's

testimony credible, and noting further that petitioner's written

---

[3]Inasmuch as petitioner does not rebut these factual
findings with clear and convincing evidence, such findings are
presumed by this Court to be correct. 28 U.S.C. § 2254(e)(1).

and oral waiver of jury trial appeared on the record with "unmistakable clarity" (id. at 19), the court of appeals determined that counsel's advice to petitioner that he waive a jury trial in favor of a court-tried case was reasonable trial strategy. (Id.)

While the ultimate decision to waive a jury trial lies with the defendant, counsel's advice to a defendant regarding such waiver may be based on sound trial strategy. See Leasure v. Lockhart, 509 F.2d 23, 25 (8th Cir. 1975); Hyatt v. Weber, 468 F. Supp. 2d 1104, 1117 (D.S.D. 2006). In the circumstances of this case, as determined by the post-conviction motion court and the Missouri Court of Appeals, it was reasonable for counsel as a matter of trial strategy to advise petitioner to waive a jury trial and proceed with a bench trial given counsel's belief that "the judge would certainly see the ridiculous charges made against Mr. Sidner and it would be a walk through." (Resp. Exh. G at 39.) Trial strategy need not be successful in order for it to be reasonable under Strickland. James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996).

The Missouri Court of Appeals set out the Strickland standard for ineffective assistance of counsel and found that counsel's challenged conduct in advising petitioner to waive a jury trial constituted sound trial strategy and thus did not rise to the level of ineffective assistance. This decision was well based on law and fact and was not "contrary to, or involved an unreasonable

application of," clearly established federal law. 28 U.S.C. §
2254(d)(1). Nor has petitioner shown that the court's
determination "resulted in a decision that was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

As such, the claim raised in Ground 2 of the instant
petition should be denied. 28 U.S.C. § 2254(d).

## V. Actual Innocence

In his Traverse, petitioner contends that new evidence
shows Officers Sharp and Gordon to have engaged in misconduct in
criminal cases with circumstances similar to their purported
investigation of petitioner's alleged criminal conduct here, that
such misconduct prompted city prosecutors to dismiss cases in which
these officers were involved, and that new trials have been granted
in other cases in which convictions were obtained on the basis of
these and other officers' conduct and investigations. Petitioner
contends that his conviction was obtained through the same
misconduct and thus that his actual innocence warrants this Court's
review of the merits of his defaulted claims. Respondent has not
responded to this claim of actual innocence.

The newly discovered evidence submitted by petitioner
consists of multiple articles published in the St. Louis Post
Dispatch detailing issues in the St. Louis City Police Department
regarding police officers allegedly fabricating statements by

18

confidential informants to support applications for search and arrest warrants. These articles include information that the St. Louis Circuit Attorney's Office declined to prosecute numerous cases involving Officer Sharp's testimony because his testimony was no longer reliable and that he had been accused of lying on search warrant applications. The articles address cases from 2007 through 2009 and do not include allegations of misconduct by Officer Sharp related to his conduct or testimony in petitioner's case.

Petitioner has also submitted newspaper articles describing Officer Gordon's conduct which gave rise to Officer Gordon's April 2006 conviction on charges brought in a federal indictment, and specifically, that in June 2004, Officer Gordon provided information from a law enforcement database to his cousin, a leader in a heroin distribution ring, regarding persons who could be considered confidential informants. The articles do not include any allegations of misconduct by Officer Gordon relating to his involvement in the circumstances giving rise to petitioner's arrest and conviction in this case.

To invoke the "fundamental miscarriage of justice" exception by claiming actual innocence, petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006); see also Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995). "[A] claim of 'actual innocence' is . . . a

gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Mansfield v. Dormire, 202 F.3d 1018, 1024 (8th Cir. 2000). To successfully pursue a claim of actual innocence, petitioner must show 1) new reliable evidence not available at trial; and 2) that, more likely than not, no reasonable juror would have convicted petitioner in light of the new evidence. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001); see also Kidd v. Norman, 651 F.3d 947 (8th Cir. 2011). The new evidence must demonstrate the petitioner's *factual* innocence of the crime. Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir. 1996). Examples of the proper type of evidence include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]" Schlup v. Delo, 513 U.S. 298, 324 (1995). Evidence that can only impeach a witness is not the sort of evidence that qualifies as evidence of actual innocence under Schlup. Allen v. Nix, 55 F.3d 414, 417 (8th Cir. 1995); see also Morris v. Dormire, 217 F.3d 556, 559 (8th Cir. 2000).

In this case, the Post Dispatch articles state that the St. Louis Circuit Attorney's Office dropped charges in cases involving Officer Sharp because of concerns about the reliability of his testimony and statements made in warrant applications. The articles specifically allege that Officer Sharp lied in warrant applications. The articles do not include any allegations related

to petitioner's case and are based on incidents beginning in late 2007, over three years after petitioner's arrest here. As to Officer Gordon, the Post Dispatch articles state that Gordon was convicted in April 2006 of being involved in his cousin's heroin distribution ring through his provision of information contained in law enforcement databases relating to possible confidential informants. Although the conduct giving rise to Officer Gordon's conviction occurred in June 2004, that is, two months prior to the investigation and arrest of petitioner here, such conduct was not related to petitioner's arrest or conviction; nor was it similar in any way to Officer Gordon's involvement in petitioner's case.

The articles submitted by petitioner may be considered "new evidence" inasmuch as they were not published until after the end of petitioner's trial and contained information relating to conduct which did not occur until after petitioner's trial. In addition, the determination by the Circuit Attorney's Office to not use Officer Sharp's testimony in pending actions was not made until well after petitioner's trial. While evidence that Officer Sharp's credibility had been eviscerated to the extent that the St. Louis Circuit Attorney's Office dismissed cases involving his testimony could affect the jury's weighing of testimony in this case, such evidence nevertheless would only impeach the testimony of Officer Sharp. The articles do not include any allegation that Officer Sharp fabricated his testimony in this case or that either Officer

Sharp or Officer Gordon engaged in any type of misconduct in relation to their investigation of petitioner or his resulting arrest. In short, there has been no showing that the evidence submitted by petitioner has any relation to the facts of this case beyond its impeachment value. Because the new evidence fails to demonstrate petitioner's *factual* innocence of the crimes of which he was convicted, his claim does not fall within the actual innocence exception. <u>Pitts</u>, 85 F.3d at 351; <u>see also</u> <u>Bannister v. Delo</u>, 100 F.3d 610, 618 n.6 (8th Cir. 1996) (questions as to weight of evidence and credibility of officers "support a claim of legal, not factual, innocence"); <u>Moore v. Sachse</u>, 421 F. Supp. 2d 1209, 1214 (E.D. Mo. 2006).

Petitioner's reliance on <u>Holmes v. United States</u>, No. 4:08-CV-1142 (CEJ), 2011 WL 4445702 (E.D. Mo. Sept. 26, 2011), is of no instance. <u>Holmes</u> involved a motion to vacate filed by a federal prisoner pursuant to 28 U.S.C. § 2255 which included a freestanding claim that movant was entitled to a new trial based on newly discovered evidence. When based on a claim of newly discovered evidence, a motion to vacate under § 2255 is treated as a motion for new trial and is analyzed under the standard applicable to motions made under Fed. R. Crim. P. 33.[4] <u>See</u>

---

[4]For a new trial under Fed. R. Crim. P. 33 on the basis of newly discovered evidence, a movant must show that 1) the evidence was unknown or unavailable to him at the time of trial; 2) he was duly diligent in attempting to uncover the evidence; 3) the newly discovered evidence is material; and 4) the newly

<u>Lindhorst v. United States</u>, 658 F.2d 598, 602 (8th Cir. 1981).

Unlike the actual innocence standard applicable to defaulted claims raised by state habeas petitioners in § 2254 actions, a motion for new trial under Fed. R. Crim. P. 33 based on newly discovered evidence does not require a showing of *factual* innocence but instead may be based on issues of law. <u>See</u> <u>United States v. Beasley</u>, 582 F.2d 337, 339 (5th Cir. 1978) (*per curiam*). Indeed, a review of the Court's decision in <u>Holmes</u> shows there to be no discussion whether movant's newly discovered evidence demonstrated his factual innocence of the crimes of which he was convicted. Instead, the Court focused on the legal issue of whether the government could have met its burden of proof in the absence of the officers' now-discredited testimony. <u>Holmes</u>, 2011 WL 4445702, at *6.

Accordingly, because petitioner has presented no new evidence establishing his factual innocence, the Court's refusal to entertain petitioner's procedurally defaulted claims will not result in a fundamental miscarriage of justice. <u>Moore</u>, 421 F. Supp. 2d at 1214.


Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Ellis McSwain, Chairman of

---

discovered evidence probably will result in an acquittal upon retrial. <u>United States v. Rubashkin</u>, 655 F.3d 849, 857 (8th Cir. 2011).

the Division of Probation and Parole, be substituted for Scott Lawrence as proper party respondent.

**IT IS FURTHER RECOMMENDED** that petitioner Elliott M. Sidner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **November 13, 2013.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_

UNITED STATES MAGISTRATE JUDGE


Dated this  _30th_  day of October, 2013.

24